THE STATE EX REL. MARTINEZ, APPELLANT, *v.* AVON OAKS NURSING HOME; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Martinez v. Avon Oaks Nursing Home* (1994), 71 Ohio St.3d 112.]

(No. 93–2620—Submitted September 20, 1994—Decided December 7, 1994.)

*Sammon & Bolmeyer Co., L.P.A.,* and *Martin J. Sammon,* for appellant.

*Lee Fisher,* Attorney General, and *Melanie Cornelius,* Assistant Attorney General, for appellee.

*Per Curiam.* Claimant offers three alternative permanent total disability starting dates: (1) December 26, 1982—the date her temporary total disability benefits ceased; (2) April 29, 1983—the date of her first permanent total disability application; or (3) March 23, 1985—the date of her second permanent total disability motion. For the reasons that follow, we affirm the judgment of the court of appeals.

The commission found that Dr. Kaffen's July 2, 1991 report was the earliest credible evidence of permanent total disability and started benefits as of that date. Claimant contends that some of the earlier evidence before the commission was equally persuasive, warranting an earlier commencement date. Acceptance of claimant's argument necessitates abandonment of a fundamental precept—the commission is solely responsible for assessing evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

The fact remains, that, for whatever reason, her applications were not processed sooner. Perhaps the delay was due to claimant's relocation to Florida or perhaps to an administrative error. Regardless of the reason, the delay, while

regrettable, cannot compel payment of compensation over a period in which there is no evidence of permanent total disability. As the appellate court stated:

"While the delays in this case do not reflect well upon the Industrial Commission, the order which sets forth the reason for the commencement date of the permanent total disability compensation is one of the most cogent orders which has come before the court in recent history."

The appellate court's judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT and PFEIFER, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

F.E. SWEENEY, J., dissents and would reverse the court of appeals.